IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL RODRIGUEZ-SANCHEZ, *et al.*,

    **Plaintiffs**,

           **v.**

UNITED STATES OF AMERICA, *et al.*,

    **Defendants**.

**Civil No**. 14-1073 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

    A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. R. 72(a). Any party may file written objections to the report and recommendation within fourteen days of being served with the magistrate judge's report. 28 U.S.C. § 636(b)(1); Loc. R. 72(d). A party that files a timely objection is entitled to a *de novo* determination of those portions of the report to which specific objection is made. 28 U.S.C. § 636(b)(1); Loc. R. 72(d); United States v. Raddatz, 447 U.S. 667, 675 (1980). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); accord Loc. R. 72(d).

    Plaintiffs Rafael Rodriguez-Sanchez ("Rodriguez-Sanchez") and his children brought suit against the United States and the U.S.

Civil No. 14-1073 (FAB)                                                2

Department of Veterans Affairs, alleging that the Veterans Affairs Medical Center in San Juan, Puerto Rico, was negligent in providing care to Rodriguez-Sanchez during and after his two abdominal surgeries in March 2011.  (Docket No. 1.)  The United States moved for summary judgment, (Docket No. 32), and the Court referred the matter to Magistrate Judge Bruce McGiverin, (Docket Nos. 43-44).  The magistrate judge issued a thorough and well-analyzed Report and Recommendation ("R & R"), recommending that the Court grant the United States' motion for summary judgment.  (Docket No. 57.)  Plaintiffs objected to the R & R, (Docket No. 62), and the United States responded to their objection, (Docket No. 63).

In their objections, plaintiffs argue that the magistrate judge erred in finding that their claims required expert testimony to survive summary judgment.[1]  (Docket No. 62 at pp. 5-6.)  Plaintiffs argue that their claims "do not necessarily require the production of an expert witness to successfully establish a causal nexus between the Plaintiffs['] injuries and the Government's actions as a tortfeasor."  Id.  They claim that their testimony, as fact witnesses, will be sufficient to establish defendant's

---

[1] Plaintiffs also argue that the United States recently stipulated to a list of facts and that those stipulations may have altered the magistrate judge's analysis.  (Docket No. 62 at pp. 4-5.)  Plaintiffs offer no support as to how these arguments would have changed the magistrate judge's analysis, and the Court finds the stipulated items unrelated to the matters addressed in the R & R, i.e., plaintiffs' ability, without expert testimony, to establish the medical duty of care, breach of that duty, and causal link to defendants' actions.  See Docket Nos. 62; 62-2 at pp. 34-43.

Civil No. 14-1073 (FAB)                                                3

negligence regarding removal of an object from Rodriguez-Sanchez's abdomen on May 2, 2011, his in-home fall on April 14, 2011, and his consent to the March 1st and 15th surgeries.  Id. at p. 6. Plaintiffs appear to be arguing that their medical malpractice claims qualify for the narrow "common knowledge exception" because the alleged negligence is sufficiently "blatant or patent" to lay persons and can therefore be proven without the use of an expert medical witness.  See Docket No. 62 at pp. 5-6.  As explained in the R & R, however, it is not blatantly or patently obvious that leaving a "dark silver, three- to four-and-a-half inches long, flexible, and malleable" object, possibly a suture, in a patient is negligent.  (Docket No. 57 at p. 9.)

Additionally, plaintiffs' fact testimony is insufficient to show that defendants' discharge of Rodriguez-Sanchez caused his fall on April 14, 2011, because analysis of recovery time and interaction of medicines is "beyond the knowledge of laymen."  See Fox v. United States, No. 3:10cv126-DPJ-FKB, 2013 WL 1310558, at *3 (S.D. Miss. March 28, 2013) (stating that prescribing and dispensing medication to treat a stroke is not common knowledge of a layman.)

Finally, the Court need not reach the issue of whether plaintiffs needed an expert to establish that the content of the presurgery warnings given to Rodriguez-Sanchez was inadequate because plaintiffs failed to establish that defendant foresaw "that

the lack of pertinent information would lead [Rodriguez-Sanchez] . . . to take a different decision than the one []he would have taken if []he had been suitably informed." See Santana-Concepcion v. Centro Medico del Turabo, Inc., 768 F.3d 5, 14 (1st Cir. 2014) (quoting Sepulveda de Arrieta v. Barreto, No. RE-90-41, 1994 WL 908876 (P.R. Dec. 23, 1994)). Put simply, the Court need not analyze the content of the warnings because plaintiffs have failed to meet their burden regarding the possible effect of additional warnings.

The Court does not doubt Rodriguez-Sanchez's ability to detail the difficulties and pain that he experienced, but without an expert medical witness, plaintiffs are unable to support the elements of their negligence claims. The Court, therefore, having made an independent examination of the entire record in this case, including the plaintiffs' objections, **ADOPTS** the magistrate judge's findings and recommendations, (Docket No. 57). Accordingly, defendant United States' motion for summary judgment, (Docket No. 32), is **GRANTED and this case is DISMISSED with prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 30, 2016.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE